

Karen L. Campbell
77 Water Street, Suite 2100
New York, New York 10005
Karen.Campbell@lewisbrisbois.com
Direct: 212.232.1391

October 1, 2021                                                                                           File No. 28094.313

**VIA ECF**

Hon. Diane Gujarati
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201
Courtroom 4B South

      Re:    Aaron Ross v. Universal Health Services, Inc. et al.
               Case No.: 1:21-cv-4424

Dear Judge Gujarati:

      We represent defendants Universal Health Services, Inc., Provo Canyon School, Justin Uale, Wendy Turnbow and Lorna Hall ("defendants") in this action. In accordance with the Court's Individual Practice Rules, Rule III.A, defendants hereby submit this request for a pre-motion conference. Defendants intend to move for pre-answer dismissal of the Complaint pursuant to Fed. R. Civ. P. 12. Plaintiff served the Summons and Complaint on defendant Provo Canyon School on September 14, 2021, and defendant Provo Canyon's response to the Complaint is due October 5, 2021. *See* ECF 7. Plaintiff has not filed proof of service of the Summons and Complaint as to Universal Health Services, Inc., Justin Uale, Wendy Turnbow or Lorna Hall.[1] Nonetheless, this letter has been submitted within twenty-one days of service of the Summons and Complaint on Provo Canyon School, and thus constitutes timely service of a motion to dismiss under Fed. R. Civ. P. 12. *See* Individual Practice Rules, Rule III.A.2.

      Plaintiff alleges physical, emotional and psychological torture, sexual abuse, forced seclusion, and drug-induced sedation at the hands of defendants while a student at Provo Canyon School from approximately May 2001 through April 2003. He alleges timely claims under New York's Child Victims Act ("CVA"), codified in N.Y. C.P.L.R. § 214-g. Defendants intend to move for pre-answer dismissal of the Complaint under Fed. R. Civ. P. 12, as (1) this Court lacks personal jurisdiction over all defendants; (2) the CVA does not extend statutes of limitations for claims of sexual abuse which occurred outside of New York State; (3) the CVA does not extend statutes of limitations for claims

---

[1] The undersigned does not concede these defendants have been served.

ARIZONA • CALIFORNIA • COLORADO • CONNECTICUT • DELAWARE • FLORIDA • GEORGIA • ILLINOIS • INDIANA • KANSAS • KENTUCKY • LOUISIANA
MARYLAND • MASSACHUSETTS • MINNESOTA • MISSOURI • NEVADA • NEW JERSEY • NEW MEXICO • NEW YORK • NORTH CAROLINA • OHIO
OREGON • PENNSYLVANIA • RHODE ISLAND • TENNESSEE • TEXAS • UTAH • VIRGINIA • WASHINGTON • WASHINGTON D.C. • WEST VIRGINIA

4837-0237-6695.1

Hon. Diane Gujarati
Ross v. United Health Services, Inc. et al.
October 1, 2021
Page 2

unrelated to sexual abuse; and (4) venue is improper. In the alternative, should the Court decline to dismiss the Complaint on these grounds, defendants respectfully request the Court transfer this case to the District of Utah pursuant to 28 U.S.C. § 1406(a).

A plaintiff bears the burden of demonstrating personal jurisdiction over a person or entity against whom it seeks to bring suit. *Nixon v. Inquisitr Ltd.*, 2021 U.S. Dist. LEXIS 156255 at *5 (E.D.N.Y. Aug. 17, 2021) (internal citations omitted). Plaintiff is a New York resident. Defendants Provo Canyon School, Justin Uale, Wendy Turnbow and Lorna Hall are Utah residents. Defendant Universal Health Services, Inc. is a Delaware corporation domiciled in Pennsylvania, and registered to do business in Illinois, Pennsylvania, Texas, and West Virginia.[2] Nothing in the Complaint alleges the defendants maintained a presence in New York; to the contrary, the Complaint asserts Universal Health Services, Inc. is located in King of Prussia, Pennsylvania (ECF 1 at ¶ 9), that Provo Canyon School is located in Utah (*id*. at ¶ 10), and that Justin Uale, Wendy Turnbow, and Lorna Hall were employed by both Universal Health Services, Inc. (which is incorrect) and Provo Canyon School (*id*. at ¶¶ 16 – 18).

The Complaint does not allege facts to establish that defendants maintain "continuous and systematic" affiliation with New York sufficient to render them "at home," and thus the Court lacks general jurisdiction. *BNSF Railway Co. v. Tyrell*, 137 S. Ct. 1549, 1560 (2017); *Daimler AG v. Bauman*, 571 U.S. 117, 122 (2014). As for specific jurisdiction, there are no facts to suggest defendants had any contact in New York, other than plaintiff's residential status at the time of his alleged abuse and that plaintiff's parents enrolled him in the Provo Canyon School program in Utah. The Complaint contains no facts to link each defendant to tortious sexual conduct occurring within New York State sufficient for the Court to exercise specific jurisdiction under New York's long-arm statute, C.P.L.R. § 302(a)(2). *Waldman v. PLO*, 835 F.3d 317, 331 (2d Cir. 2016) ("the exercise of specific jurisdiction depends on in-state activity that *gave rise to the episode-in-suit*.") (emphasis in original) (internal quotations omitted); *Id*. ("In certain circumstances, the commission of certain single or occasional acts in a State may be sufficient to render a corporation answerable in that State with respect to those acts, **though not with respect to matters unrelated to the forum connections**.") (emphasis added) (quotations omitted).

Federal and state courts have held that the CVA does not apply to allegations of sexual abuse that occurred outside of New York State's borders. *See*, *e.g.*, *Holloway v. Holy See*, 2021 U.S. Dist. LEXIS 86196 at fn. 2 (S.D.N.Y. May 5, 2021) (CVA does not apply to sexual abuse in Mississippi); *S.H. v. Diocese of Brooklyn*, 2020 N.Y. Misc. LEXIS 4394 at *6 (N.Y. Sup. Ct. Aug. 14, 2020) ("Absent an express intent otherwise, a New York statute does not apply extraterritorially."). As the

---

[2] Universal Health Services, Inc. is not authorized to do business in New York, nor does it do business in New York. Further, Universal Health Services, Inc. is and has been a holding company. It has no employees, is not licensed as a healthcare provider anywhere in the United States, and does not provide any services which may be the subject of any lawsuits. Neither does it provide healthcare services or operational management services to its subsidiary facilities, which conduct their own facility management and operations.

Hon. Diane Gujarati
Ross v. United Health Services, Inc. et al.
October 1, 2021
Page 3

Complaint alleges defendants sexually abused plaintiff in Utah, and not in New York, the CVA is an improper basis for asserting tort claims from 2001 – 2003.

     Moreover, a plain reading of the CVA indicates it was enacted to revive certain time-barred claims only involving sexual offenses. *See* N.Y. C.P.L.R. § 214-g ([E]very civil claim or cause of action brought…as a result of conduct which would constitute a **sexual offense** as defined in article one hundred thirty of the penal law committed against a child…is hereby revived") (emphasis added). As there are no allegations that defendants sexually abused plaintiff in New York, plaintiff cannot allege defendants violated article 130 or section 263.05 of the New York Penal Law. Thus, the CVA does not apply here, and plaintiff's claims are barred by New York's statutes of limitations. *See Shomo v. City of New York*, 579 F.3d 176, 181 (2d Cir. 2009) (three year statute of limitations for 42 U.S.C. § 1983 claims);  N.Y. C.P.L.R. § 215(3) (one year statute of limitations for civil assault, battery and false imprisonment); *Sharabura v. Taylor*, 2003 U.S. Dist. LEXIS 16515 at *11 (E.D.N.Y. Sept. 16, 2003) (one year statute of limitations for intentional infliction of emotional distress); N.Y. C.P.L.R. § 214(5) (three year statute of limitations for negligence). New York does not recognize plaintiff's cause of action for loss of parental consortium (*Sheldon v. PHH Corp.*, 135 F.3d 848, 854 [2d Cir. 1998]), or civil conspiracy as an independent cause of action. *Kovkov v. Law Firm of Dayrel Sewell, PLLC*, 182 A.D.3d 418 (App. Div. 1st Dep't 2020).

     The Complaint alleges no facts to suggest a substantial nexus between the Eastern District of New York and plaintiff's allegations against defendants. *See Daniel v. Am. Bd. of Emergency Med.*, 428 F.3d 408, 433 (2d Cir. 2005) (when a close nexus is lacking between the claims and material acts within the forum, "so too is the substantiality necessary to support venue."). The Complaint does not allege defendants committed a sexually abusive act within New York State as required by C.P.L.R. § 214-g. If the Court declines to dismiss this case for improper venue, defendants respectfully request the Court transfer venue to the District of Utah pursuant to 28 U.S.C. § 1406(a). At the very least, transfer would further the convenience of the parties and witnesses (all of or most of whom are in Utah, not New York) and would serve the interests of justice. *Armstrong v. Costco Wholesale Corp.*, 234 F. Supp. 3d 367 (E.D.N.Y. 2017).

     Respectfully submitted,

*Karen Campbell*

Karen L. Campbell of
LEWIS BRISBOIS BISGAARD &
SMITH LLP