TAWNI J. ANDERSON (8133)
SHELLEY DOI-TAKETA (12498)
HALL PRANGLE & SCHOONVELD, LLC
111 East Broadway, Suite 700
Salt Lake City, Utah  84111
Telephone: (801) 320-0900
tanderson@hpslaw.com
sdoi@hpslaw.com

*Attorneys for Defendants Universal Health Services, Inc., Provo Canyon School, Justin Uale, Wendy Turnbow, and Lorna Hall*

## UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH – CENTRAL DIVISION

| | |
|---|---|
| AARON ROSS<br><br>    Plaintiff,<br><br>v.<br><br>UNIVERSAL HEALTH SERVICES, INC.;<br>PROVO CANYON SCHOOL; JUSTIN UALE;<br>WENDY TURNBOW; and LORNA HALL,<br><br>    Defendants. | **Defendants' Motion to Dismiss for Failure to Prosecute**<br><br>Case No. 2:22-cv-00053-RJS-DAO<br><br>Chief Judge Robert J. Shelby<br><br>Referred to Magistrate Judge Daphne A. Oberg |

Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, Defendants, by and through counsel, hereby move to dismiss Plaintiff's Complaint for failure to prosecute the claim.

### **BACKGROUND FACTS AND PROCEDURAL HISTORY**

1. Plaintiff Aaron Ross, an alleged 34-year-old New York resident, filed his complaint in the United States District Court for the Eastern District of New York on August 6, 2021, asserting claims of sexual abuse, violation of his constitutional rights, assault, battery, false

1

imprisonment, intentional infliction of emotional distress, loss of parental consortium, negligence, and civil conspiracy.[1]

2. Plaintiff named Universal Health Services, Inc., Provo Canyon School, Justin Uale, Wendy Turnbow, and Lorna Hall as defendants.[2]

3. On October 1, 2021 Defendants filed their first motion to Request a Pre-Motion Conference. On October 12, 2021, the Court directed Plaintiff to respond to Defendants' motion by October 15, 2021.[3]

4. On October 13, 2021, Plaintiff requested leave to amend his complaint. The court granted him leave to amend his complaint until November 29, 2021.[4] To date, Mr. Ross has not amended his Complaint.

5. On December 9, 2021, Defendants filed their second Motion for Pre-Motion Conference in anticipation of filing a motion to dismiss. To date, Plaintiff has failed to file a response.[5]

6. On December 9, 2021, Defendants requested the court dismiss the complaint because the action was untimely; the court did not have personal jurisdiction over Defendants in New York; and venue was improper. Alternatively, Defendants requested that the court transfer the case to Utah.[6]

7. On January 7, 2021, Plaintiff requested the case be transferred to the District Court of Utah pursuant to 28 U.S.C. § 1406(a).[7]

---

[1] ECF No. 1.
[2] ECF 1; Complaint ¶¶ 8–18.
[3] ECF No. 8.
[4] ECF No. 9.
[5] ECF No. 10.
[6] ECF No. 11.
[7] ECF No. 13.

8. The parties consented to, and the court authorized the transfer of the case to the United States District Court for the District of Utah pursuant to 28 U.S.C. §1404(a). The court entered a Transfer Order on January 27, 2022.[8]

9. On February 1, 2022, Defendants filed a notice of appearance of counsel in the District Court of Utah as required by Rule 5 of the Federal Rules of Civil Procedure. To date, Plaintiff has not filed a notice of appearance in Utah.[9]

10. On September 14, 2022, the Court ordered Plaintiff to file a status report within fourteen days regarding the status of the case and his intentions to proceed.[10]

11. On October 3, 2022, Attorney Daniel Isaacs submitted a Status Report to Magistrate Judge Oberg explaining that Plaintiff was then incarcerated at the Plymouth County Correctional Facility in Massachusetts and neither Mr. Isaacs nor his co-counsel Mr. Gleason intended to seek to be admitted *pro hac vice* or otherwise prosecute the matter on Plaintiff's behalf.[11]

12. On October 18, 2022, the Court ordered Plaintiff, for the second time, to file a status report by November 18, 2022 regarding the status of the case and his intentions to proceed. To date, Plaintiff has not filed a status report.[12]

## LEGAL STANDARD

Rule 41(b) of the Federal Rules of Civil Procedure allows defendants to move for the dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Further, "[u]nless the dismissal order states otherwise, a dismissal under this subdivision

---

[8] ECF No. 16.
[9] ECF Nos. 20 – 21.
[10] ECF No. 23.
[11] ECF No. 25.
[12] ECF No. 26.

3

(b) and any dismissal not under this rule – except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 – operates as an adjudication on the merits," and is thus "a dismissal *with* prejudice." Fed. R. Civ. P. 41(b); *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1162 (10th Cir. 2007) (emphasis in original).

The Tenth Circuit has determined that the five *Ehrenhaus* criteria are applicable in determining whether involuntary dismissal of an action pursuant to rule 41(b) is appropriate. *Mobley v. McCormick*, 40 F.3d 337, 340-41 (10th Cir. 1994) (citing the court's discussion of the *Ehrenhaus* criteria in *Jones v. Thompson*, 996 F.2d 261, 264 (10th Cir. 1993)). These factors are "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (internal citations omitted). Additionally, "dismissal is warranted when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits." *Rogers v. Andrus Transp. Services*, 502 F.3d 1147, 1152 (10th Cir. 2007) (quoting *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 487 F.3d 1135, 1144 (10th Cir. 2007)).

## ARGUMENT

This action should be dismissed in its entirety pursuant to Rule 41(b) of the Federal Rules of Civil Procedure because Plaintiff has failed to prosecute the action and has failed to comply with the Court's orders. The five *Ehrenhaus* factors weigh in favor of dismissal.

First, Defendants have been prejudiced by Plaintiff's failure to prosecute his claim. Since filing his Complaint in August 2021, Plaintiff has made no effort to advance this case. He has twice failed to respond to Defendants' requests for a Pre-Motion Conference and has failed to

provide the court with a status update as ordered. Additionally, Plaintiff has failed to make an appearance on the record in Utah either pro se or through counsel. During this time, Defendants have incurred attorney fees and have had to contend with Plaintiff's stigmatizing allegations while the suit has been pending. Further, Plaintiff has failed to communicate to Defendants or this court a good faith reason for these delays.[13] The Tenth Circuit has previously held that unreasonable delay can be prejudicial as defendants have "a legitimate interest in bringing the matter to closure within a reasonable time." *Rogers v. Andrus Transp. Services*, 502 F.3d 1147, 1152 (10th Cir. 2007). Plaintiff's delays have prevented this case from moving to the discovery phase and have thus also prejudiced Defendants by causing them to "los[e] an opportunity to gain relevant information . . . [about] the factual basis of [Plaintiff's] claims." *Ecclesiastes*, 497 F.3d at 1145.

Second, Plaintiff's delay has interfered with the judicial process. Plaintiff has twice failed to provide a status update as ordered by the Court and to respond to Defendants' request for a Pre-Motion Conference. Additionally, Plaintiff has not filed a notice of appearance in Utah. Plaintiff's failures to respond to Defendants' requests and the court's orders, coupled with his failure to communicate a good faith reason for these failures, unnecessarily interferes with Court business and causes inefficiencies for both the Court and the Defendants. *Rogers*, 502 F.3d at 1152 (finding that Plaintiff's "failure to prepare [for trial] had unnecessarily interfered with court business, requiring other matters to be delayed and creating inefficiencies in the court's use of its own time."); *Ecclesiastes*, 497 F.3d at 1147 (finding that "[t]o show good faith, [plaintiff] had to promptly respond to defendant's Rule 30(b)(6) notice.").

---

[13] The only communication Defendants have received from Plaintiff was a threatening email sent to lead counsel and copied to every attorney at her firm, in multiple states, on April 7, 2022. *See* Ex. 1.

Third, the court should consider the Plaintiff's culpability. Plaintiff has not only brought this suit long after the applicable statutes of limitations had expired but has repeatedly failed to move the case forward.[14] Additionally, Plaintiff has failed to inform the court as to any reason for these delays. Even though he was incarcerated at some point after filing his Complaint, Plaintiff's culpability in his failure to prosecute is plain. *Rogers*, 502 F.3d at 1152 (holding that Plaintiff "could have prepared for trial despite being incarcerated; at least he could have advised the court of his incarceration so that the court could prepare its schedule properly.").

Fourth, the court should consider whether it warned the party in advance that dismissal was a likely result for noncompliance. Though the Court has not explicitly warned Plaintiff that it could dismiss the case for failure to prosecute, "such a warning is not a *sine qua non* for dismissal. On the contrary, 'no notice of any type need be given by the court prior to dismissal.'" *Rogers*, 502 F.3d at 1152 (quoting *Stanley v. Cont'l Oil Co.*, 536 F.2d 914, 917 (10th Cir. 1976)). The Tenth Circuit has also determined that "'constructive notice – that is, notice (1) without an express warning and (2) objectively based upon the totality of the circumstances (most importantly the trial court's actions or words)' is sufficient." *Id.* (quoting *Ecclesiastes*, 497 F.3d at 1150). Regardless, "the need to prosecute one's claim (or face dismissal) is a fundamental precept of modern litigation," and Plaintiff has repeatedly failed to do so. *Rogers*, 502 F.3d at 1152.

---

[14] Defendants anticipate renewing their request for dismissal, pursuant to Rule 12(b), if Plaintiff files a status report, appears, and/or amends the Complaint. However, as Plaintiff has already requested and been granted leave to amend the Complaint following Defendants' initial request to dismiss, Defendants' preparation and filing of a 12(b) motion would be futile and unfairly prejudicial due to the potential for Plaintiff to immediately amend the factual allegations and legal claims asserted in the Complaint.

Fifth, the court should consider the efficacy of lesser sanctions. Here, there is no indication that a lesser sanction appropriate given Plaintiff's blatant failure to move this case forward.

In the year and a half since Plaintiff filed his Complaint, he has taken no action whatsoever to move it forward. And the *Ehrenhaus* factors weigh in favor of dismissing the claim. Accordingly, Defendants respectfully ask the Court to dismiss Plaintiff's case with prejudice pursuant to Rule 41(b) for Plaintiff's failure to prosecute. *See Nasious*, 492 F.3d at 1162.

## **CONCLUSION**

For the reasons set forth above, Defendants respectfully request that this Court enter an order dismissing this action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for Plaintiff's failure to prosecute.

DATED this 3rd day of February 2023.

        HALL PRANGLE & SCHOONVELD, LLC

        /S/TAWNI J. ANDERSON
        TAWNI J. ANDERSON
        SHELLEY DOI-TAKETA
        *Attorneys for Defendants Universal Health Services, Inc., Provo Canyon School, Justin Uale, Wendy Turnbow, and Lorna Hall*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **Motion to Dismiss for Failure to Prosecute** was served via electronic mail and/or U.S. Mail, postage prepaid, on this 3rd day of February, 2023 to the following:

Aaron Ross
c/o Luna Poplausky
2329 East 16 Street Brooklyn
New York, NY 11229

/s/Beth Johnson
_____